United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51007
Summary Calendar

_____

QUENTIN LARRY GOODMAN,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-03-CV-218-JN
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Quentin Larry Goodman seeks a certificate of appealability

("COA") to appeal the district court's denial of his 28 U.S.C.

§ 2254 petition, in which he sought to challenge his 60-year

sentence for aggravated robbery with a deadly weapon.  He argues

that the district court was unable to conduct an independent

review of his ineffective-assistance-of-counsel claim because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

state habeas record submitted to the district court was incomplete.

To obtain a COA, Goodman must make a substantial showing of the denial of a constitutional right. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). When, as here, the district court dismisses a petition on the merits, the petitioner must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This threshold inquiry does not require a showing that the appeal will succeed. Miller-El, 537 U.S. at 337. Rather, this court looks to the district court's application of the Antiterrorism and Effective Death Penalty Act ("AEDPA") to the petitioner's constitutional claims and asks whether the district court's resolution of those claims was debatable among jurists of reason. Id. at 336, 341.

Goodman has made the requisite showing. Ineffective-assistance-of-counsel claims are evaluated under the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). In this case, the district court concluded that Goodman satisfied the first prong of Strickland; however, the district court concluded that he failed to show Strickland prejudice. In reaching that determination, the district court found that Goodman failed to present evidence to contradict the state habeas court's findings concerning the negative impact of information

contained in a sheriff's investigative report on the affidavit Goodman produced in support of his claim.

Under the AEDPA, the district court is required to "give full consideration to the substantial evidence [a] petitioner put[s] forth in support of [his] case." Miller-El, 537 U.S. at 340. In this case the district court could not have given full consideration to the affidavit Goodman provided in support of his ineffective-assistance-of-counsel claim because the district court did not have a complete record before it. A review of the sheriff's investigative report, on which the state habeas court relied in discounting the affidavit, would have been critical to making a determination as to whether the state habeas court's application of Strickland v. Washington, 466 U.S. 668 (1984) was reasonable.

Goodman has provided this court with a copy of the sheriff's investigative report. However, the effect of this report on Goodman's claim is an issue which is better addressed in the first instance by the district court. Accordingly, we grant Goodman's motion for COA, vacate the district court's order, and remand this case for further consideration. On remand, the district court should be provided with a copy of the sheriff's investigative report.

GRANT COA; VACATE JUDGMENT; REMAND FOR FURTHER CONSIDERATION.